# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ADRIENNE CURRY, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CASE NO. 2:12-CV-0608-S |
| ERIC K. SHINSEKI, SECRETARY, ) | |
| UNITED STATES DEPARTMENT ) | |
| OF VETERANS AFFAIRS, ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION

Pending before the court are a motion to dismiss, or in the alternative for summary judgment, by defendant Eric K. Shinseki, Secretary of the U.S. Department of Veterans Affairs (hereinafter, "VA") (doc. 6), a brief (doc. 7), and evidentiary submissions (doc. 8) in support thereof, a response by plaintiff Adrienne Curry (doc. 12), and defendant's reply (doc. 13). Having considered the motion and all other pleadings filed to date, the court finds as follows:

### Factual Background

Plaintiff is a female who was employed by defendant's Medical Center in Birmingham, Alabama, from 1985 until May 1997, in the position of Program Support Clerk (Compl. ¶¶ 8–9). In May 1997 the Federal Office of Worker's

1

Compensation Program ("OWCP") accepted plaintiff's claim for prolonged chronic depressive reaction (chronic depression) and placed her on total disability and removed her from employment with defendant (Compl. ¶ 9).

In July 2004, plaintiff obtained a license from the state of Alabama to practice nursing, and subsequently received a bachelor's degree in nursing in spring 2005 (Compl. ¶¶ 11–12). In November 2005 she was examined by a physician retained by OWCP and released to return to work for defendant on a part-time basis (Compl. ¶ 13). From May 18, 2006, until September 2008, plaintiff attempted to return to employment with defendant, seeking both full- and part-time positions and including both clerical and nursing positions (Compl. ¶ 16). She was not hired for any position (Compl. ¶ 16).

On December 5, 2008, plaintiff lodged a formal EEO complaint, alleging she was refused employment based on her disability of chronic depression[1] (Compl. ¶ 18). Her claims were denied in a March 11, 2009, Final Agency Decision (Compl. ¶ 19).

On or about May 13, 2009, the OWCP referred plaintiff for a vocational rehabilitative assessment (Compl. ¶ 20). On May 15, 2009, the OWCP released

---

[1] Although the plaintiff refers to this complaint as a formal "EEOC" complaint, the evidence before this court reflects that the complaint was filed within her agency's EEO office. Thus, the court has considered the allegations of her complaint wherein she refers to the "EEOC" to mean the Department of Veterans Affairs Office of Employment Discrimination Complaint Adjudication, which this court will refer to as the "EEO."

plaintiff to return to work on a part-time basis (Compl. ¶ 21). Plaintiff submitted applications for employment for a registered nurse position with defendant on both May 26, 2009, and July 9, 2009, receiving a response to neither (Compl. ¶¶ 22–23). Defendant subsequently informed the OWCP that suitable employment was not available for plaintiff due to her mental issues because it did not wish to place plaintiff in an environment that could cause undue stress (Compl. ¶ 24). On September 22, 2009, plaintiff was informed by the OWCP that no part-time positions were available with defendant (Compl. ¶ 25).

On October 18, 2009, plaintiff made an informal complaint of disability discrimination and retaliation with defendant's internal EEO office (Compl. ¶ 26). On December 2, 2009, plaintiff filed a lawsuit in the Southern Division of the United States District Court for the Northern District of Alabama based on her first formal EEO complaint of December 5, 2008 (Compl. ¶ 27). On January 6, 2010, plaintiff filed a formal complaint of employment discrimination with the agency EEO based on defendant's actions subsequent to May 13, 2009.  Plaintiff exhibit 3 (doc. 12-4).

On October 12, 2010, defendant employed plaintiff as a nursing assistant escort, an equivalent position to the clerk's position that plaintiff held in 1997 before leaving defendant's employ due to her disability (Compl. ¶ 30).

On August 31, 2011, as final adjudication of plaintiff's December 2, 2009,

lawsuit, Judge Abdul Kallon, United States District Judge for the Northern District of Alabama, issued an order granting summary judgment on behalf of the present defendant for reasons explained in an accompanying memorandum opinion (hereinafter, "*Curry I*"). *See* Def. Exh. D (doc. 8), opinion in *Curry v. Shinseki*, case no. 2:09-cv-02441-AKK. The court found that the VA did not discriminate against Curry based on her claimed disabilities either on or after May 26, 2009. *See id.*

## **Standard of Review**

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 1355–56 (1986). The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain

a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). "'The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case . . . . A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.'" *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

With these standards in mind, the court considers each of the plaintiff's claims.

## **Legal Analysis**

Plaintiff's complaint contains four counts alleging both disability discrimination, in the form of adverse employment action (Count I) and failure to accommodate (Count II), and retaliation reprisal, in the form of failure to hire (Count III) and failure to accommodate (Count IV). *See* Compl. (doc. 1) at 7–12. However, defendant, in its motion for summary judgment or, in the alternative, for dismissal, does not address the substance of plaintiff's complaint, and instead asserts that plaintiff's claims are barred by the doctrine of res judicata.[2] Accordingly, the court will treat defendant's motion as one to dismiss based on the ground of res judicata, and will conduct its analysis accordingly.

Res judicata is "a judicially crafted doctrine, created to provide finality and conserve resources." *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir.

---

[2] Defendant's motion also alleges that plaintiff's claims are barred by the statute of limitations; specifically, defendant alleges that plaintiff failed to file suit within 90 days of receipt of a right-to-sue letter "against the respondent named in the charge," as required by 42 U.S.C. § 2000e-16(c) (2009). *See* Def. Br. (doc. 7) at 5–6. It appears, however, that defense counsel erred when computing the applicable deadlines.

Plaintiff received defendant's final agency decision of March 11, 2011, on March 14, 2011, and timely appealed that decision to the EEOC. The EEOC issued its decision on November 17, 2011, and this decision was received by plaintiff on November 22, 2011. 90 days from this date was February 20, 2012. Plaintiff's action was filed on February 21, 2012, 91 days after November 22, 2011. However, this is permissible because February 20, 2012, was President's Day, a federally recognized holiday. Pursuant to Fed. R. Civ. P. 6, "if the last day [of a filing period] is a . . . legal holiday, the period continues to run until the end of the next day that is not a . . . legal holiday." Thus, plaintiff's action was timely filed, and should not be dismissed for failure to adhere to the applicable statute of limitations.

2011). The traditional rule is a simple one: "res judicata 'bars the filing of claims which were raised or could have been raised in an earlier proceeding.'" *Id.* (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)). Accordingly, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). For res judicata to bar a subsequent case, four elements must be present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Maldonado*, 664 F.3d at 1375 (quoting *Ragsdale*, 193 F.3d at 1238). If these elements are present, "[t]he court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." *Piper Aircraft*, 244 F.3d at 1296. "As for the fourth element, two cases are generally considered to involve the same cause of action if the latter case 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate,' as the former one." *Maldonado*, 664 F.3d at 1375 (quoting *Ragsdale*, 193 F.3d at 1239).

In *Curry I*, there was a final judgment on the merits by a court of competent jurisdiction, and the parties are identical in *Curry I* and the present case (hereinafter,

7

"*Curry II*"). Thus, the court must determine whether the same cause of action is involved in both cases. Plaintiff argues that the facts and allegations of *Curry II* were not contained in her first administrative charge because "they had not yet occurred," and that accordingly she had not, and indeed could not have, exhausted the applicable administrative remedies prior to filing the present discrimination action. Pl. Resp. (doc. 12) at 12. Specifically, plaintiff contends that the last event in *Curry I* occurred in October 2008 (*see id.* at p. 4 ¶ 11; *see also id.* at p. 11) and that events from May 13, 2009, until she filed a formal EEO complaint for disability discrimination on January 8, 2010, should be allowed to go forward in the present suit (*see id.* at 11). Defendant counters that in the present matter, *Curry II*, the complaint makes the same remedial claims raised in *Curry I* (regarding a part-time nurse position at the VA, as opposed to a part-time clerk position) because in *Curry I*, the VA conduct contemplated in the court's ruling covered activities which occurred both before and after May 26, 2009 (the date plaintiff was released by the OWCP to return to part-time work at the VA), such that the court's decision reached the conduct which is the subject matter of the case at bar. *See* Def. Br. (doc. 7) at 7–8; Def. Reply Br. (doc. 13) at 2–3.

    The old Fifth Circuit held, in a Title VII case still valid precedent in the Eleventh Circuit, that "it is unnecessary for a plaintiff to exhaust administrative

remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Gupta v. East Texas State Uni.*, 654 F.2d 411, 414 (5th Cir. 1981). As the Eleventh Circuit later explained,

> [a]s long as allegations in the judicial complaint and proof are "reasonably related" to charges in the administrative filing and "no material differences" between them exist, the court will entertain them. As we have noted . . . , "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."
> Judicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate. Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review[,] are not appropriate.

*Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) (quoting *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980) (other internal quotations omitted)). Applying these principles to the present case, because the *Curry I* decision covers conduct which occurred both before *and after* May 26, 2009, if the claims which plaintiff raises today "arise[] out of the same nucleus of operative fact, or [are] based upon the same factual predicate,' as" *Curry I* (*Maldonado*, 664 F.3d at 1375), then the fundamental claims of disability discrimination in *Curry I* and *Curry II* are the same, and res judicata would apply.

In footnote 11 of *Curry I*, United States District Judge Abdul Kallon wrote the following:

> The court notes that for purposes of plaintiff's Rehabilitation Act claims, it will consider events alleged not only in plaintiff's December 5, 2008[,] EEO complaint but also those alleged in her January 8, 2010[,] EEO complaint, despite the fact that plaintiff has not amended her judicial complaint to specifically include those subsequent acts. While the Eleventh Circuit requires a federal employee to pursue and exhaust administrative remedies within her own agency before filing a judicial complaint of employment discrimination, [*see*] *Griffin v. Carlin*, 755 F.2d 1516, 1522 (11th Cir. 1985), the exhaustion requirement is satisfied when the issues raised in the judicial action were either expressly raised in the EEO complaint or are "reasonably related" to those contained in the EEO complaint, as long as there are no "material differences" between the two. *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989). Importantly, when the allegations made in the judicial action involve conduct committed subsequent to the filing of the EEO complaint, the conduct is still reasonably related to the charged conduct where: (1) the subsequent conduct would fall within the reasonably expected scope of the agency investigation of the administrative charges; (2) the claim alleges retaliation against the employee for filing an EEO complaint; or (3) the plaintiff alleges "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Buzzi v. Gomez*, 62 F. Supp. 2d 1344, 1352 (S.D. Fla. 1999). Here, defendant has investigated the charges comprising the January 8, 2010[,] complaint and has issued plaintiff a report of the investigation. Under these circumstances, plaintiff has sufficiently exhausted her administrative remedies with regard to her Rehabilitation Act claims as bolstered by the

> events alleged in the second complaint. *See Ray v. Freeman*, 626 F.2d 439, 422 (5th Cir. 1980) ("Discrete acts of discrimination which occur after the filing of an EEO complaint must first be reviewed administratively before such acts may serve as the basis for a finding of discriminatory conduct justifying remedial action by the court."). *See also Griffin v. Casey*, 1987 WL 8195, at *3 (M.D. Fla. Jan. 20, 1987) (the exhaustion requirement is satisfied when the administrative agency considered the issues in the investigation).

Def. Exh. D (doc. 8), opinion in *Curry v. Shinseki*, case no. 2:09-cv-02441-AKK.

As the applicable precedent permits, Judge Kallon's opinion considers not only the allegations of plaintiff's December 5, 2008, EEO complaint but also those of her January 8, 2010, EEO complaint because the facts alleged in the latter complaint arose out of the same nucleus of operative fact as those alleged in the former complaint. Those facts, and the related EEO complaints, form the entire factual foundation of the present suit. Thus, pending before the court today is a matter in which this same United States District Court, a court of competent jurisdiction, rendered a final judgment on the merits in a case between identical parties involving the same cause of action raised today. As previously noted, res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Maldonado*, 664 F.3d at 1375. The claims alleged today are so barred.

## Conclusion

Having considered the foregoing, and being of the opinion that the motion to dismiss of defendant Eric K. Shinseki is due to be granted on the ground of res judicata, the court shall so rule by separate Order.

**DONE** and **ORDERED** this 24th day of July, 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE